831 F.2d 294
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ralph Franklin FREDERICK, Petitioner-Appellee, Cross-Appellant,
v.
Donal CAMPBELL, Warden, Respondent-Appellant, Cross-Appellee.
 Nos. 86-6277, 87-5041
 United States Court of Appeals, Sixth Circuit.
 October 6, 1987.
 
 Before ENGEL and RYAN, Circuit Judges and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The respondent, Campbell, Warden of Tennessee Prisons, appeals from a judgment of the United States District Court for the Eastern District of Tennessee granting petitioner Frederick's petition for writ of habeas corpus, based on the violation of his constitutional right to a speedy trial. Frederick cross-appeals the district court's denial of two of his other grounds for relief if the district court decision is overturned.
 
 
 2
 On August 30, 1981, Frederick was arrested and charged with two counts of aggravated kidnapping and one court of armed robbery. An attorney, James Varner, Jr., was appointed to represent Frederick at a preliminary hearing held on September 8, 1981. Varner had been practicing law for only two to three months when he was assigned Frederick's case and also expressed concern about whether he would be paid for his work. His representation of Frederick consisted of accompanying him to the preliminary hearing, meeting with him for five minutes, and visiting the location of the crime to attempt to corroborate Frederick's story, the latter to no avail. Bond was set at $60,000, which Frederick admitted at the hearing that he would be unable to pay.
 
 
 3
 For the five months following the hearing, Frederick remained in jail and unindicted. During this period, attorney Varner never met with Frederick and a new lawyer was not assigned. Thus, for all practical purposes, Frederick was unrepresented by legal counsel.
 
 
 4
 On February 25, 1982, an indictment was returned charging Frederick with two counts of aggravated kidnapping and one count of armed robbery. Frederick was arraigned on March 26, 1982. He was found to be indigent and a new attorney, Sharon Selby, was appointed as his representative. Trial was set for May 3, 1982, but was delayed on that date due to an overcrowded court docket. The case was reset for trial on August 9, 1982. The trial set for August 9 was also delayed, however, due to an injury incurred by Frederick's attorney, Ms. Selby, on August 8. The judge tried to reset the trial for later that week, but Ms. Selby's incapacitation prevented it. Although Ms. Selby recovered within two weeks, the trial was reset for January 5 and 6, 1983 since one of the government's witnesses would be in Europe throughout the fall and would not return to the country until January. During the 16-month period between his arrest and the trial, Frederick remained in jail and was unable to meet the $60,000 bail. On April 30, 1982 and again on September 28, 1982, Frederick moved the trial court for a speedy trial. Each of his motions was overruled.
 
 
 5
 The case was finally tried on January 5 and 6, 1983, and a jury of the Knox County Criminal Court found defendant guilty of both counts of aggravated kidnapping. Punishment was fixed at twenty years in the state penitentiary for each count, to be served concurrently. Frederick appealed to the Tennessee Court of Criminal Appeals where his conviction was affirmed. Frederick then applied for permission to appeal to the Tennessee Supreme Court where his application was denied on March 12, 1984. On April 4, 1986, Frederick petitioned the District Court for the Eastern District of Tennessee for a writ of habeas corpus, raising five grounds for relief.
 
 
 6
 In a thoughtful opinion filed in the district court November 21, 1986, United States District Judge James H. Jarvis carefully reviewed the record of proceedings in the state court and concluded, contrary to the report and recommendation of the magistrate, that petitioner Frederick's right to a speedy trial guaranteed him under the Sixth and Fourteenth Amendments had been denied. His analysis in this regard shows careful adherence to the standards established by the United States Supreme Court in Barker v. Wingo, 407 U.S. 514 (1972). He correctly concluded that the sixteen month delay from the date of arrest to the date of trial was presumptively prejudicial under Barker and that thereafter a consideration of the four factors under Barker compelled a determination that Frederick had been denied his right to a speedy trial under the Sixth Amendment. Our court was impressed by Judge Jarvis' Barker analysis, particularly as it pertained to the state's neglect and lack of diligence in providing competent counsel during what was, in our view, inexcusably long pre-trial incarceration. We were also especially impressed with Judge Jarvis' analysis of the potential impairment of any opportunity Frederick might have had to prepare his defense counsel by these factors. The environment and other circumstances in which the offense was alleged to have occurred made delay in investigation especially prejudicial.
 
 
 7
 Accordingly, the judgment of the district court is AFFIRMED.